UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAGNUS ANDERSSON,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C18-179 RAJ

**ORDER REVERSING AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred in evaluating his severe impairments, several medical opinions, and plaintiff's testimony. Dkt. 9. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 51 years old, has a limited education, and has worked as an auto cleaner and detailer. Administrative Record (AR) 30, 127. He previously applied for benefits and was denied in a decision that became administratively final as of November 2012. AR 114-28. Plaintiff applied again for benefits in June 2014. AR 142. He alleges disability beginning January 2013. AR 23. Plaintiff's applications were denied initially and on reconsideration. AR

140, 141, 170, 171.  After the ALJ conducted a hearing in July 2016, the ALJ issued a decision finding plaintiff not disabled.  AR 73, 20-32.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the January 2013 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: cognitive disorder/attention deficit hyperactivity disorder/learning disorder, affective disorder/depression, anxiety disorder, substance addiction disorder, ischemic heart disease, degenerative disc disease/back disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work, lifting and/or carrying 20 pounds occasionally and 10 pounds frequently.  He can stand and/or walk six hours per day and sit six hours per day.  He cannot use foot controls or climb ladders, ropes, or scaffolds.  He can occasionally use ramps and steps, balance, stoop, kneel, crouch, and crawl.  He can never work at unprotected heights or operate heavy equipment, but can otherwise have occasional exposure to hazards, and occasional exposure to vibrations.  He can understand and remember instructions for, and carry out, tasks generally required by occupations with a Specific Vocational Preparation (SVP) of 1 to 2.  He can have occasional, superficial interaction with the general public, and occasional interaction with coworkers or supervisors.  Tasks should be able to be completed without the assistance of others, but occasional assistance would not be precluded.  He can adjust to routine work setting changes generally associated with occupations with an SVP of 1 to 2.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, he is not disabled.

AR 23-32.  The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1.

## DISCUSSION

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

This Court may set aside the Commissioner's denial of social security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Plaintiff contends the ALJ erred by failing to find his intellectual impairment a severe medically determinable impairment at step two, and by discounting the opinions of four medical sources and plaintiff's testimony in determining plaintiff's RFC. Dkt. 9.

**A.      Severe Impairment**

An ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *5 (S.S.A.

1996). "The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (emphasis in original).

Plaintiff argues the ALJ erred by failing to list "intellectual disability" as a severe medically determinable impairment at step two based on the medical opinions of James Czysz, Psy.D. Dkt. 9 at 2-3. Dr. Czysz wrote that plaintiff's IQ was "in the Borderline range" and diagnosed "Unspecified Intellectual Disability." AR 684; *see also* AR 683, 687. The ALJ determined that "cognitive disorder/attention deficit hyperactivity disorder (ADHD)/learning disorder" was one of plaintiff's severe impairments. AR 23. Intellectual and cognitive disorders are intertwined, as cognition is the "mental process of knowing" and intellect is the "capacity for knowledge and understanding." *See The American Heritage Dictionary for the English Language* (4th ed. 2000), "cognition" and "intellect." In considering plaintiff's RFC, the ALJ noted that Dr. Czysz tested plaintiff's full-scale IQ and reported his score as "71 (low/borderline)…." AR 27 (citing AR 687). The RFC includes limitations on remembering and understanding instructions. AR 26 (limited to SVP of 1 or 2). Plaintiff has not identified any functional limitation caused by intellectual disability that is not incorporated into the RFC.

Under the circumstances, the Court concludes that any error in failing to include intellectual disability as a severe impairment was harmless. *See Lewis*, 498 F.3d at 911.

**B. Medical Opinions**

A treating physician's opinion is entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and

convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

### 1. Melanie E. Mitchell, Psy.D.

After an examination in May 2013, Dr. Mitchell diagnosed plaintiff with major depressive disorder, anxiety disorder, learning disorder (provisional), and substance abuse in full sustained remission. AR 479. She opined that plaintiff had "very significant" limitations on his abilities to maintain punctual attendance, take appropriate precautions around normal hazards, and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 480. After examining plaintiff again in April 2014, Dr. Mitchell gave the same diagnoses except the learning disorder was a "rule out" diagnosis and substance abuse was in early full remission due to a relapse in the interim. AR 492. Dr. Mitchell opined that plaintiff was unable to maintain appropriate behavior at work, complete a normal work day and work week, and set realistic goals and plan independently. AR 493. She opined that he had very significant limitations in the abilities to maintain punctual attendance, adapt to changes in a routine work setting, and communicate and perform effectively in a work setting. AR 493.

The ALJ gave Dr. Mitchell's 2013 and 2014 opinions "[l]ittle weight" because she relied heavily on plaintiff's symptom reports, because she relied on evidence dealt with in plaintiff's

prior denied application, and because her opinions are inconsistent with the overall evidence. AR 29.

### a. Reliance on Prior Evidence

While Dr. Mitchell noted, in her 2013 report, that she reviewed two records from 2012, there is no indication that her opinions were swayed by them. AR 478. In fact her diagnoses differ from those she reviewed. While Wayne C. Dees, Psy.D., diagnosed plaintiff's depression as "Severe [with] Psychosis," Dr. Mitchell diagnosed it as only "Moderate to Severe" without psychosis. AR 478, 479. While Dr. Dees assessed a Global Assessment of Functioning (GAF) score of 50 and Mary L. Montgomery, ARNP, assessed a GAF of 40, Dr. Mitchell assessed plaintiff's GAF as 50-55. *Id.* Substantial evidence does not support the ALJ's finding that Dr. Mitchell's opinions are less reliable because she reviewed records from 2012. The Court concludes the ALJ erred by discounting Dr. Mitchell's opinions on this basis.

### b. Reliance on Plaintiff's Reports

Psychiatric evaluations "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient[,]" because "unlike a broken arm, a mind cannot be x-rayed." *Buck*, 869 F.3d at 1049 (internal quotation marks omitted) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck*, 869 F.3d at 1049. Clinical interviews and mental status evaluations "are objective measures and cannot be discounted as a 'self-report.'" *Id.* In both the 2013 and 2014 examinations, Dr. Mitchell performed a professional clinical interview and mental status examination, including cognitive testing and anxiety and depression inventories. AR 478-504. Dr. Mitchell observed impaired memory, concentration, insight and judgment. AR 482. Plaintiff was unable to

1 complete a "trail making" task that tests cognitive impairment. AR 486, 495. While Dr.

2 Mitchell of course recorded what plaintiff told her, there is no indication that she relied more

3 heavily on his self-reports than on her professional judgment and expertise in formulating her

4 opinions. The ALJ erred by discounting Dr. Mitchell's opinions on this basis.

### c. Consistency with the Record

An ALJ may discount a doctor's opinions if they are inconsistent with the medical record as a whole. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate reasons to discount the opinions). Here, the ALJ wrote only that "the overall evidence demonstrates that the claimant is more functional than alleged." AR 29. He did not identify what evidence is inconsistent with which of Dr. Mitchell's opinions. If an ALJ fails to specify his reasons for finding testimony not credible, "a reviewing court will be unable to review those reasons meaningfully without improperly 'substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (alterations in original) (quoting *Treichler v. Comm'r. of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)). In fact, the overall medical record consistently shows that plaintiff suffers from depression, anxiety, and substance abuse, as Dr. Mitchell diagnosed. *See*, *e.g.*, AR 677. The ALJ erred by discounting Dr. Mitchell's opinions on this basis.

The Court concludes that, having provided no specific and legitimate reason, the ALJ erred by discounting Dr. Mitchell's opinions.

### 2. Faulder Colby, Ph.D.

Nonexamining psychologist Dr. Colby reviewed Dr. Mitchell's 2014 report and concurred with her opinions. AR 505-06. The ALJ gave Dr. Colby's opinions "little weight" because the only evidence he reviewed was Dr. Mitchell's report, and because he left sections of the form blank, including questions about substance abuse. AR 29. As discussed above, the ALJ erred by discounting Dr. Mitchell's opinions and, accordingly, having reviewed them does not weaken the reliability of Dr. Colby's opinions. On the form, Dr. Colby did answer "No" to the question "Are the effect [sic] on work activity due **primarily** to alcohol or drug abuse/addiction?" AR 507 (emphasis in original). This question was more relevant than the ones he left blank, which asked whether plaintiff was "primarily impaired due to substance abuse" and, if so, whether the impairment would persist with sobriety. AR 505. Because the blank areas on the form were not material to understanding or evaluating Dr. Colby's opinions, they are not a specific and legitimate reason to discount Dr. Colby's opinions.

The Court concludes the ALJ erred by discounting Dr. Colby's opinions.

### 3. James Czysz, Psy.D.

After examining plaintiff in November 2015, Dr. Czysz diagnosed major depressive disorder, anxiety disorder, cocaine abuse in remission, and unspecified intellectual disability. AR 683-84. He opined that plaintiff would have "very significant" limitations on the abilities to maintain punctual attendance, learn new tasks, communicate and perform effectively at work, and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 684.

The ALJ gave Dr. Czysz's opinions "[l]ittle weight" because he relied heavily on plaintiff's symptom reports, he considered nonmedical factors such as unemployment, and the

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

only outside evidence he considered was Dr. Mitchell's report. AR 29. As discussed above, the ALJ erred by discounting Dr. Mitchell's opinions and, accordingly, having reviewed her report does not weaken the reliability of Dr. Czysz's opinions.

As with Dr. Mitchell, Dr. Czysz performed a professional clinical interview and mental status examination, including cognitive and IQ testing. AR 682-88. Dr. Czysz's report presents a closer call than Dr. Mitchell's because at least one of his conclusions expressly cited plaintiff's self-reports. Dr. Czysz wrote that plaintiff's "reported" depression symptoms would impair his ability to work a full day. AR 683. However, the Ninth Circuit has held that it is error to discount "an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). Dr. Czysz specifically screened plaintiff for dissimulation and found "adequate effort." AR 686. He supported his opinions with his own observations, including abnormal thought content with "depressive, self-critical, and negativistic brooding." AR 686. Plaintiff's hygiene, speech, mood, and affect were abnormal. AR 685-86. In addition to "borderline" IQ, plaintiff's memory, concentration, and abstract thought were impaired. AR 683, 686. While Dr. Czysz of course recorded what plaintiff told him, it does not appear that he relied more heavily on self-reports than on his own professional judgment and expertise in formulating his opinions. The ALJ erred by discounting Dr. Czysz's opinions on this basis.

Dr. Czysz noted plaintiff's unemployment, but there is no indication that it influenced his opinions on plaintiff's functional abilities. AR 684. The ALJ erred by discounting his opinions on this basis.

The Court concludes that, having provided no specific and legitimate reason, the ALJ erred by discounting Dr. Czysz's opinions.

### 4. John T. Blatchford, LISCW

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. §§ 404.1502(a), (d), (e); 416.902(a), (i), (j). An ALJ may reject the opinion of a non-acceptable medical source, such as a licensed mental health provider, by giving reasons germane to the opinion. *Id.*

Mr. Blatchford, plaintiff's treating mental health practitioner, opined that plaintiff was unable to respond appropriately to unexpected changes in the work setting and routine, and was substantially impaired in the abilities to respond to expected changes, set goals or plan independently, take precautions around normal hazards, travel in unfamiliar settings and use public transportation, understand and remember detailed instructions, maintain attention and concentration for four two-hour intervals per day, sustain an ordinary routine without special supervision, and work in coordination with or proximity to others without being distracted. AR 690-91. The ALJ gave Mr. Blatchford's opinions "[v]ery little weight" because he stated he is not a vocational mental health specialist and because he relied on plaintiff's symptom reports. AR 30.

In a letter accompanying his opinions, Mr. Blatchford wrote that he relied on a 2016 treatment note from plaintiff's psychiatrist, his own knowledge of plaintiff's "overall functioning," and "a direct interview with most of the questions." AR 689. This interview is presumably reflected in a treatment note one week before Mr. Blatchford's letter stating that he "went down the list of disability-related questions in a questionnaire provided by [plaintiff's]

attorney. [Plaintiff] said that he couldn't recall job-related directions…." AR 610. Mr. Blatchford recorded plaintiff's reports of being "easily distracted" and unable to interact with the public, and statements such as "I don't take criticism well" and "I don't take direction very well." AR 610-11. The ALJ also noted that Mr. Blatchford wrote in his cover letter that plaintiff "reported depressed mood, social isolation, poor sleep, some/mild suicidal ideation and reduced appetite." AR 689. Going over the opinion form with plaintiff provides substantial evidence to support the ALJ's finding that Mr. Blatchford relied primarily on plaintiff's own answers to fill out the form. This was a germane reason to discount Mr. Blatchford's opinions.

In his letter, Mr. Blatchford wrote: "I consider myself a mental health generalist rather than a specialist in the area of employment and vocational matters. That said, it would be hard for me to envision him successful in a competitive work setting." AR 689. Because Mr. Blatchford's opinions were given in his role as plaintiff's mental health treatment provider, and did not require any expertise in employment, this was not a germane reason to discount his opinions. The error is harmless, however, because the ALJ provided one germane reason. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

The Court concludes the ALJ did not err by discounting Mr. Blatchford's opinions.

**C.    Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff wrote in a 2014 function report that his mental health conditions make it difficult "to focus and be around others." AR 392. He has "a very hard time with [his] short term memory" and remembering appointments. AR 392, 396. He must leave himself "special reminders to take [his] medication." AR 394. He reported poor sleep and feeling "very fatigued and tired during the day." AR 393. He gets distracted easily. AR 397. At the 2016 hearing, plaintiff testified that he is unable to maintain employment due to his depression. AR 82. When it gets bad, he does nothing but sit and stare at the television. AR 91. The ALJ discounted plaintiff's testimony as inconsistent with the medical record and his activities, and because plaintiff's criminal record is a non-disability related barrier to finding work. AR 27-28.

### 1. Medical Evidence

While symptom testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity" of a claimant's symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)). The ALJ discounted plaintiff's testimony because he was "consistently assessed as being pleasant, cooperative, polite, alert, oriented x3 with a normal affect, etc." AR 28 (citing 512, 516, 525, 547, 606, 640, 655, 662, 673). The ALJ cited treatment notes answering very basic mental health screening questions that convey little to no information regarding how severe plaintiff's depression was and how it affected his ability to work. Several of the records the ALJ cited are from appointments for physical issues and the psychological screening questions are extremely rudimentary. *See* AR 512, 516, 606. And the mental health appointment notes cited typically contain some normal findings and some abnormal findings such as "dysphoric" or "sluggish" mood, "constricted" affect, or "circumstantial" speech. AR 525, 547, 640, 673. The ALJ did not explain why the normal

findings he cited were more significant than the abnormal findings he ignored. This was not a clear and convincing reason to discount plaintiff's testimony.

### 2. Activities

An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ cited attending appointments and meetings, volunteering, and briefly working 40 hours per week. AR 28.

Plaintiff lives in "easy walking distance" from the clinic where he sees Mr. Blatchford. AR 625. A note from plaintiff's case manager states that he "regularly" sees his case manager and prescriber and participates in chemical dependency treatment, but does not define "regularly." AR 457. Plaintiff reported in January 2014 that he "volunteers at his church and helps out in the kitchen at the Swedish Club" but no frequency or even regularity is mentioned. AR 464. Without more, this is not substantial evidence that plaintiff's activities contradict his testimony or show his ability to work full time.

In 2014, plaintiff apparently worked at a used car lot from late August until December at the latest. *See* AR 330, 525, 524. This brief work effort, which did not reach the level of substantial gainful activity, does not contradict plaintiff's claims of disabling impairments. *See* AR 23 (no SGA after January 2013). "It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed,* that he did not then experience [symptoms] and limitations severe enough to preclude him from *maintaining* substantial gainful employment." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) (emphasis in original); *see also* Program Operations Manual System (POMS) DI 10501.055 Unsuccessful Work Attempts (UWA) (S.S.A. 2017) (an unsuccessful work attempt lasts only "a

short time (no more than 6 months)").

Lastly, when discussing plaintiff's activities, the ALJ stated that plaintiff "drinks a substantial amount of coffee. Common-sense suggests that were the claimant to reduce his caffeine intake, he would like [sic] be calmer." AR 28. The ALJ cited a single treatment note stating that plaintiff "did not sleep well the previous night [and] had a 'big cup of coffee' shortly before coming to this meeting." AR 613. This was not substantial evidence to support the ALJ's finding that plaintiff consistently drinks a substantial amount of coffee. Moreover, although coffee is a familiar stimulant, the ALJ is not in a position to know how coffee affects plaintiff's psychological state. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. ... Common sense can mislead; lay intuitions about medical phenomena are often wrong.") (internal citations omitted). The Commissioner goes even further, stating without any support in the medical record or other authority that "caffeine can cause anxiety." Dkt. 10 at 8. A treatment note that the Commissioner cites states that plaintiff reported drinking "2-3 cups/day" of coffee. AR 461. Plaintiff's doctors were aware of his caffeine intake and apparently did not recommend reducing it. Neither the ALJ nor the Commissioner is qualified to opine that caffeine worsens plaintiff's anxiety.

The Court concludes the ALJ erred by discounting plaintiff's testimony based on his activities.

### 3. Criminal Record

The ALJ discounted plaintiff's allegations because he "has a non-disability related barrier in finding work because of criminal history…." AR 28. However, plaintiff appears to have less trouble obtaining work than keeping it. For example, as discussed above, he was hired to work

beginning August 2014, but the job lasted four months or less. Substantial evidence does not support the ALJ's finding. Moreover, the existence of other barriers to employment does not contradict plaintiff's testimony. And an ALJ cannot assume that someone would apply for benefits simply because they have a non-disability related barrier to employment. The Commissioner argues that plaintiff's criminal history "diminishes his reputation for truthfulness." Dkt 10 at 9. The ALJ's decision does not contain such reasoning and the Commissioner's contention is thus an improper post hoc argument upon which the Court cannot rely. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).[3] The Commissioner also argues that plaintiff's inconsistent statements regarding drug use diminish plaintiff's credibility. Dkt. 10 at 8-9. The Court rejects this post-hoc argument because the ALJ did not rely on such reasoning. *See Bray*, 554 F.3d at 1225. Furthermore, the two cases the Commissioner cites in support of the proposition that inconsistent statements about drug use are sufficient alone to reject a claimant's testimony are distinguishable because several other valid reasons were given. *See Thomas*, 278 F.3d at 959 (upholding credibility determination based on daily activities, poor work history before alleged disability, and inconsistent statements on drug use); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistent statements about alcohol use, along with faking the need for a cane, were sufficient to discount claimant's testimony). Plaintiff's criminal history was not a clear and convincing reason to discount his testimony.

---

[3] Moreover, it is doubtful whether such reasoning could be upheld now that the Commissioner has clarified that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p (S.S.A. 2017) (superseding SSR 96-7p).

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 15

The Court concludes that the ALJ failed to provide any clear and convincing reason, and thus erred by discounting plaintiff's testimony.

**D.    Scope of Remand**

Plaintiff requests the Court remand for payment of benefits. Dkt. 9 at 18. In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. The Court has flexibility, however, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, the Court concludes that the record, as it stands, does not compel a finding of disability. For example, although both Dr. Mitchell and Dr. Czysz opined that plaintiff would have a "very significant" limitation on the ability to complete a normal work day and work week, neither quantified this limitation and thus the Court cannot compare it to the vocational expert's testimony that a person who missed 12 hours per month would not be able to maintain employment. AR 480, 685, 109. This Court cannot make its own findings. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("we cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts."). In addition, even if plaintiff's testimony were accepted, it is the ALJ's responsibility to translate it into concrete

limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (upholding ALJ's "translat[ion]" of claimant's condition into "concrete restrictions"). Furthermore, it is undisputed that one of plaintiff's severe impairments is substance abuse. AR 23. Accordingly, if the ALJ determines that plaintiff is disabled considering the substance abuse, he would have to determine whether plaintiff would be disabled excluding the impact of the substance abuse. *See* 42 U.S.C. § 1382c(a)(3)(J) (if substance abuse is a contributing factor material to the determination of disability, a claimant cannot be considered disabled for purposes of awarding benefits). Under the circumstances, enhancement of the record would be useful and, accordingly, remand for further proceedings is appropriate in this case.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate plaintiff's testimony and the opinions of Dr. Mitchell, Dr. Colby, and Dr. Czysz, reassess the RFC as needed, and proceed to step five as necessary.

DATED this 11th day of December, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 17